# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| MEGAN L. SHINAL AND ROBERT J. SHINAL, HER HUSBAND, | : | No. 897 MAL 2015 |
| | : | |
| Petitioners | : | Petition for Allowance of Appeal from the Order of the Superior Court |
| | : | |
| v. | : | |
| | : | |
| STEVEN A. TOMS, M.D., | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

 **AND NOW**, this 23rd day of March 2016, the Petition for Allowance of Appeal is **GRANTED**, limited to the following issues raised by Petitioners, reproduced here verbatim:

 1. Is the plaintiff in a civil trial entitled to a for cause strike of prospective jurors with close familial, situational or financial relationships with the defendant's employer, whether direct or indirect, when the claimed negligence of the defendant occurred in the course and scope of the defendant's employment?

 2. Can a panel of the Superior Court create new law and require counsel in a civil trial to motion the court to allow an additional peremptory challenge each time a for cause challenge of a potential juror is denied and/or object continuously after the initial motion to strike the potential juror for cause is denied in order to preserve the issue for appeal?

 3. May a court in a medical malpractice trial alleging lack of informed consent by the surgeon ignore Pennsylvania common law and the Medical Care Availability and Reduction of Error Act, 40 P.S. §§ 1303.101, *et seq.*, and charge the jury that information received from the non-physician "qualified staff" at the hospital can be considered in deciding whether the surgeon obtained the informed consent of the patient for surgery.

The Petition for Allowance of Appeal is **DENIED** with respect to Petitioner's fourth stated issue.